[Civ. No. 1553.   Second Appellate District.—July 15, 1915.]

U. G. NEFF, Respondent, v. FREDERICK W. MATTERN, H. O. MATTERN, Appellants; IRA B. WOOD, Defendant.

FRAUD—EXCHANGE OF REAL PROPERTY FOR CORPORATE STOCK—FALSE REPRESENTATIONS—VERDICT SUPPORTED BY EVIDENCE.—In this action against the president, secretary, and one of the directors of a corporation recently organized for the purpose of producing and selling oil, to recover the value of certain real property exchanged

by the plaintiff for stock in the corporation, on the ground that the defendants conspired together to induce the plaintiff to make the exchange and in pursuance thereof made false representations concerning the property of the corporation and its financial condition, it is held that there is evidence amply sufficient to sustain the verdict with respect to many, if not substantially all, of the material representations made and that the same were untrue.

ID.—ACTION FOR DAMAGES—EVIDENCE—USE TO BE MADE OF PROPERTY— STATEMENT OF SELLER—ADMISSION ERRONEOUS UNDER COMPLAINT. In such an action, it is error to permit the plaintiff to testify that the owner of the stock, who was also the president of the corporation, stated that he would sell the exchanged land, put the money into the treasury of the company and that it should go toward drilling the wells, where the complaint fails to allege that such promise was made without any intention of performance.

ID.—OIL-BEARING QUALITIES OF TERRITORY—EVIDENCE—ERROR WITHOUT PREJUDICE.—It was error to permit a witness to answer a question inquiring what was the reputation, in the year in which the exchange was made, of the territory in question in regard to its oil-bearing qualities, but it is error without prejudice where the answer consisted principally in a statement of physical facts observed by the witness.

ID.—FINANCIAL CONDITION OF CORPORATION—MONEY JUDGMENT—PROPER ADMISSION.—It was not erroneous to admit in evidence a money judgment against the corporation on demands which were existing debts of the corporation since a time prior to the exchange in question.

ID.—LOCATION OF OIL-PRODUCING PROPERTIES—INSTRUCTION—RELIANCE UPON REPORT OF EXPERT.—It was not error to refuse to instruct the jury that "if you find from the evidence that the statements in the prospectus upon which the plaintiff relied were based upon a report to the company or its officers by Professor Bailey, and that the controlling officers of the company believed the statements in said report to be true, and believed it at the time of the transfer of the said stock to the plaintiff, then that would negative fraud, and in such case, your verdict should be for the defendants," where there is evidence that the plaintiff's consent to the transaction was based in part upon certain representations as to the location of the corporation's property with respect to known producing oil-territory, as such instruction omits to state, as one of its necessary conditions, that the jury must find from the evidence that the report was entitled to the confidence and belief of the defendants and that they were entitled to rely thereon.

ID.—INFORMATION AS TO LOCATION OF OIL PROPERTIES—NOTICE OF MAP— INSTRUCTION.—In such an action, it is not error to refuse to instruct the jury that if they found from the evidence certain facts with regard to the information given to the plaintiff by the defendants

concerning a certain map and with regard to the plaintiff's opportunity to examine the same, that then, notwithstanding any statement in the printed circular, "plaintiff will be deemed to have had notice of the location of such property within the oil field, and would not be deemed to have been misled by any other statements as to its location in such oil field," as such proposed instruction was an attempt to obtain an instruction on a question of fact.

ID.—EFFECT OF FALSE REPRESENTATIONS IN PROSPECTUS.—An instruction in describing the use which the defendants might be found to have made of the prospectus, a copy of which was delivered to the plaintiff, that "if the jury finds . . . that said prospectus contains false representations . . . and these or either of these representations induced the plaintiff to buy the stock *and were made with the intent to induce the public to buy said stock* . . . ," is an appropriate and correct statement of the law, and the italicized words are not "a false quantity."

ID.—FRAUDULENT CHARACTER OF TRANSACTION—INTENT TO DECEIVE.— An instruction that if the jury should find that the prospectus contained the alleged false representations and that they induced the plaintiff to buy the stock, and that if the other conditions were found to exist as described in the instruction, then the sale was actually fraudulent, is not erroneous, in omitting to state that the acts done were done with intent to deceive the plaintiff or to induce him to enter into the contract, as the finding of such facts carries with them such an intent.

ID.—MEASURE OF DAMAGES—INCORRECT STATEMENT TO JURY—APPELLANTS UNINJURED.—In such an action the defendants cannot complain on appeal of an error favorable to them made by the court in incorrectly instructing the jury as to the rule of damages in such action.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. C. A. Raker, Judge presiding.

The facts are stated in the opinion of the court.

Murphey & Poplin, for Appellants.

C. Ibeson Sweet, for Respondent.

CONREY, P. J.—On or about February 18, 1908, at Los Angeles, California, five thousand shares of stock of the Central Union Oil Company, a corporation organized in Arizona and doing business in California, appearing on the records of the corporation as owned by defendant Frederick W. Mat-

tern, were by him transferred to the plaintiff. In consideration thereof the plaintiff conveyed to Frederick W. Mattern certain real property consisting of two lots in the city of Los Angeles. At that time Frederick W. Mattern was president, defendant Wood was secretary, and defendant H. O. Mattern, who was the wife of Frederick W. Mattern, was a director of that corporation. The complaint in this action alleges that in order to induce the plaintiff to buy said stock the defendants conspired and confederated together for that purpose and in pursuance thereof made to the plaintiff representations of fact concerning the corporation and its financial condition, and concerning the property of the corporation and its condition; that these representations were false and by the defendants known to be false, and that the plaintiff relied thereon in making said exchange; that the real property conveyed by plaintiff was of the value of one thousand five hundred dollars and accepted in exchange at that value; and that the shares of stock received by him were then and at all times thereafter entirely valueless and known to the defendants to be entirely valueless. The plaintiff demanded damages in the sum of one thousand five hundred dollars and additional punitive damages.

Without setting forth in detail the alleged false representations, it will be enough to say that the corporation was one which had been recently organized for the purpose of producing and selling oil; that it had acquired leasehold interests in or adjacent to the territory known as the Santa Maria oil district in Santa Barbara County; that the drilling of a well had been commenced; that the defendants were continuing the promotion of the corporation which had been organized by them and were endeavoring to make sales of stock; that a glowing prospectus had been produced by them, with a map of the alleged oil territory, which said prospectus was by the defendants placed in the hands of the plaintiff; and that the alleged false representations complained of by the plaintiff were partly in said prospectus and partly in statements personally made by the defendants to the plaintiff. The answer of the defendants Mattern contains denials substantially covering the issues tendered with respect to the alleged false representations and the plaintiff's alleged reliance thereupon.

The issues were tried to a jury and a verdict and judgment followed in favor of the plaintiff and against the defendants Mattern for the sum of one thousand five hundred dollars and interest. The defendant Wood was not served with summons and did not appear in response to the complaint, although he was a witness at the trial. The defendants Mattern have appealed from the judgment and from an order denying their motion for a new trial.

Appellants assign as error the court's refusal to instruct the jury to return a verdict in favor of the defendants; likewise the refusal to instruct for a verdict in favor of the defendant H. O. Mattern. And have further specified that the evidence is insufficient to sustain the verdict against the defendants or either of them in numerous particulars which are set forth in the specifications and which cover practically all of the particular issues raised with reference to the facts of the alleged fraudulent transaction.

We have carefully examined the record and we find that there is testimony, as well as documentary evidence in connection therewith, amply sufficient to sustain the verdict with respect to many, if not substantially all, of the material representations made and that they were untrue. The fact that the record also contains numerous denials of these facts in the testimony offered by or on behalf of the appellants, does not authorize us to set aside the jury's implied finding based upon the evidence which they believed and which was favorable to the contentions of the respondent. By way of example, these observations apply to the representations that the leased land of the corporation was in the center of the Santa Maria oil district (as developed); that the location of said land with relation to the oil-producing properties of certain prosperous oil companies was such as to guarantee that wells drilled on the property of the Central Union Oil Company would have like success; that the corporation was free from debt and was in a sound condition; that the plaintiff believed and relied upon these representations and because thereof entered into said transaction, and that the several representations thus made were false.

It is urged that the court erred in its rulings on certain objections made by appellants to testimony offered by the plaintiff. We think that the court erred in permitting the plaintiff to testify that Mr. Mattern said that he would sell

the land conveyed to him by plaintiff and put the money into the treasury of the company and it should go towards drilling the well or wells. This was immaterial. Although the complaint alleged that such promise had been made to him, it did not allege that such promise was made without any intention to perform the same. In the absence of such allegation, the promise as made did not support plaintiff's cause of action. To be available as a part of the facts constituting the cause of action it must have been either a false representation of fact or a promise made in bad faith. (Civ. Code, sec. 1572.)

We think that the court erred in permitting the witness Teatsorth to answer a question inquiring what was the reputation, in the year 1908, of the territory in question here in regard to its oil-bearing qualities; but the answer consisted principally in a statement of physical facts observed by the witness, and the error was without prejudice to the appellants.

Objection was made to the admission in evidence of a money judgment rendered against the Central Union Oil Company in October, 1908, on demands which were existing debts of the corporation since a time prior to the transaction of defendants with plaintiff in February, 1908. This evidence had a tendency to show the financial condition of the company in February and was relevant to the issues presented with regard to the representations made concerning the financial condition of that corporation.

It is contended that the court erred in refusing to give to the jury certain instructions requested by the defendants, in addition to the two which have been mentioned herein. Several of these instructions are substantially contained in other instructions given by the court and need not be considered here.

Referring to the evidence that plaintiff's consent to his transaction with the defendants was based upon certain representations as to the location of the corporation's property with respect to known producing oil territory, the court was asked by the defendants to say to the jury that "if you find from the evidence that the statements in the prospectus upon which the plaintiff relied were based upon a report to the company or its officers by Professor Bailey, and that the controlling officers of the company believed the statements in said report to be true, and believed it at the time of the trans-

fer of the said stock to the plaintiff, then that would negative
fraud, and in such case, your verdict should be for the de-
fendants," etc.   This instruction was rightly refused for the
reason that it omitted to state, as one of its necessary condi-
tions, that the jury must first find from the evidence that the
report from Professor Bailey was entitled to the confidence
and belief of the defendants and that the defendants were
entitled to rely thereon.   The instruction in the form pro-
posed as above quoted would have been an invasion of the
province of the jury in that it would have been a finding by
the court that the report in question was worthy of belief.

In the last of the instructions requested by the defendants
and refused by the court it was proposed to instruct the jury
that if they found from the evidence certain facts with regard
to the information given to the plaintiff by the defendants
concerning a certain map and with regard to the plaintiff's
opportunity to examine that map, that then, notwithstanding
any statement in the printed circular which has been men-
tioned, "plaintiff will be deemed to have had notice of the
location of such property within the oil field, and would not
be deemed to have been misled by any other statements as
to its location in such oil field."   This also was rightfully re-
fused and was an attempt to obtain an instruction upon a
matter of fact.

Objection is made to instruction II as given by the court,
because in referring to the printed prospectus, a copy of
which was delivered by the defendants to the plaintiff, the
court in describing the use which the defendants might be
found to have made of the prospectus included the statement,
"if the jury finds . . . that said prospectus contains false
representations . . . and these or either of these representa-
tions induced Neff to buy the stock *and were made with the
intent to induce the public to buy said stock.* . . . "   Appel-
lants' objection relates to the italicized words, and it is as-
serted that they are "a false quantity."   We think that the
instruction was an appropriate and correct statement of the
law.

The court gave instruction IV as follows: "What is actual
fraud under sec. 1572, Civil Code of California?   If the jury
finds that Mrs. Mattern (H. O. Mattern) was a director at
the time the sale of stock was made to Neff and at the time
the prospectus was being used by the company to her knowl-

edge, and finds that said prospectus contains the false representations alleged in plaintiff's complaint, and that these or any one of these alleged false representations induced Neff to buy said stock and were made with the intent to induce the public to buy said stock and further, that although Mrs. Mattern and the other directors believed the representations true, still if they are made positively in a manner not warranted by the information that they had, then the sale was actually fraudulent." On behalf of appellants it is insisted that this instruction charged the jury that the representations alleged in the complaint were false; that it was erroneous in that it omitted to state that the acts done by Mrs. Mattern must have been done "with intent to deceive" the plaintiff, or "to induce him to enter into the contract"; that the instruction in effect states that intent to deceive Neff or to induce him to enter into the contract was not necessary in order to establish actual fraud on the part of Mrs. Mattern; and that the instruction in effect tells the jury that the information which Mrs. Mattern and the other directors had did not warrant the representations made by the use of the prospectus, although they may have believed it to be true. The use in the instruction of the phrase "with the intent to induce the public to buy said stock," was not prejudicial to the defendants. The jury was told that if it should find that the prospectus contained the alleged false representations and that they induced Neff to buy the stock, and if the other conditions were found to exist as described in the instruction, then the sale was actually fraudulent. The evidence showed without contradiction that a copy of the prospectus was delivered to the plaintiff. Mrs. Mattern was a witness for the defendants. She did not contradict the plaintiff's testimony that the prospectus was delivered to him by her or in her presence. In order to correctly state the law of the case, in harmony with section 1572 of the Civil Code, it was not necessary that the court use the exact phrase "with intent to deceive" the plaintiff. It was sufficient to base the instruction upon the theory of a finding of facts which, if so found, necessarily carried with them an intent to deceive him. We think that the objections to this instruction are without merit.

Instruction VI as given by the court states the rule of damages for the breach of an obligation arising from contract. It follows section 3300 of the Civil Code: "The amount which

will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom.'' Appellants contend that since plaintiff's action herein was for alleged actual fraud, the rule should have been stated according to section 3333 of the Civil Code: ''The amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not.'' Admitting the error as claimed by appellants, it was an error favorable to them and should give them no cause of complaint.

From an examination of the entire record and full consideration of all points stated in behalf of appellants (their brief is almost wholly barren of citations of authority in support of propositions asserted), we are of opinion that no errors have been committed that are of sufficient importance in their relation to the case to warrant a reversal.

The judgment and order appealed from are affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 13, 1915.